Opinión de conformidad emitida por la
Jueza Asociada Señora Fiol Matta.
Estoy conforme con la opinión que hoy emite el Tribunal. Sin lugar a dudas, el Ministerio Público estaba *747 obligado a sentar como testigo en el juicio contra el señor Angel Santos Santos al perito químico que llevó a cabo las pruebas científicas para determinar si el material ocupado era, en efecto, una sustancia controlada. No hacerlo cons-tituye una violación al derecho a la confrontación garantizado tanto por la Constitución de Estados Unidos como por la nuestra. Nuestra decisión en Pueblo v. Guerrido López([1]) y la del Tribunal Supremo federal en Bullcoming v. New Mexico([2]) exigen esa conclusión. Es igualmente correcta la conclusión a la que llega la Opinión del Tribunal en cuanto a que la violación al derecho a confrontación es un error constitucional no estructural que no acarrea la revocación automática del fallo condenatorio, sino que exige al Minis-terio Público probar “más allá de duda razonable que, de no haberse cometido el error constitucional, el resultado habría sido el mismo”. ([3]) Finalmente, estoy conforme con la decisión del Tribunal de revocar la sentencia condenatoria y absolver al peticionario por insuficiencia de prueba para demostrar su culpabilidad más allá de duda razonable.
Sin embargo, he decidido expresarme por separado para reafirmar lo que entiendo es un deber inescapable del Mi-nisterio Público en casos como estos, en los que uno de los elementos esenciales del delito es de naturaleza técnica o científica; entiéndase, probar que determinado material es, en efecto, una sustancia controlada. Me refiero al deber del Estado de recurrir diligentemente al Instituto de Ciencias Forenses para que expertos en la materia lleven a cabo las pruebas científicas necesarias, de manera que se pueda de-mostrar adecuadamente la naturaleza ilegal de una sustancia. Aunque es cierto, como se señala en la Opinión, que la Regla 110 de Evidencia permite probar la existencia de cualquier hecho mediante evidencia directa o circuns-tancial, no deja de ser igualmente cierto que la inhabilidad *748 del Ministerio Público de presentar evidencia científica de-mostrativa de la ilegalidad de una sustancia genera un problema de suficiencia de prueba para demostrar la cul-pabilidad de una persona más allá de duda razonable por violaciones a la Ley de Sustancias Controladas de Puerto Rico. Reafirmamos que es un deber ineludible del Estado recurrir al Instituto de Ciencias Forenses para la realiza-ción de las pruebas correspondientes. El que en determina-das circunstancias se pueda demostrar la ilegalidad de una sustancia utilizando otros mecanismos evidenciarios no al-tera este deber. Tal y como resuelve la Opinión del Tribunal, “los derechos constitucionales no son susceptibles de maleabilidad a conveniencia”![4]) ni de “evasión a convenien-cia del Estado”.([5])
Aclarado lo anterior, reitero mi conformidad con la Opi-nión del Tribunal, pues fortalece los derechos constitucio-nales que nos protegen a todos por igual.

(1) Pueblo v. Guerrido López, 179 D.P.R. 950 (2010).

(2) 131 S.Ct. 2705 (2011).

(3) Opinión del Tribunal, pág. 741.

(4) íd.

(5) íd, pág. 722.